MAINE SUPREME JUDICIAL COURT                Reporter of Decisions
Decision:     2017 ME 82
Docket:       Cum-16-464
Submitted
  On Briefs:  April 27, 2017
Decided:      May 4, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE ASHLYN L.


PER CURIAM

[¶1]  The mother of Ashlyn L. appeals from a judgment of the District Court (Portland, *Powers, J.*) terminating her parental rights to Ashlyn pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2016).[1]  She challenges the sufficiency of the evidence to support the judgment and the court's discretionary determination of Ashlyn's best interest.  We affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unable to protect Ashlyn from jeopardy or take responsibility for her within a time reasonably calculated to meet her needs, the mother failed to make a good faith effort to rehabilitate and reunify with the child, and termination of the mother's parental rights is in

---

[1] The father's parental rights to Ashlyn were terminated by the same judgment.  He did not appeal.

Ashlyn's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (b)(iv). The court based its determination on the following factual findings.

[¶3]  The child, who was thirteen months old at the time of the termination hearing, has lived in foster care with her maternal grandparents[2] and her older sister since she was two days old.  At the time of Ashlyn's birth, the mother's older daughter was already in the custody of the Department of Health and Human Services[3] because of the mother's complete inability to care for her and refusal to comply with a safety plan.  The Department alleged that the mother similarly had no safe plan to care for Ashlyn and obtained a preliminary order of protection on her behalf immediately after she was born.

[¶4] The mother has significant untreated mental health issues, a history of domestic violence against the father, and a lack of knowledge regarding child development and basic child care.  She refuses to get help and will not engage with proper supports.  Her comments regarding her ability to care for her children are, at times, "delusional."

[¶5]  Although the mother was provided with services including therapy, parental coaching, supervised visitation, and a case worker, she has rejected or

---

[2] The foster father is the mother's father and the foster mother is the mother's stepmother.

[3] The mother's rights to her older daughter have since been terminated.

ignored the parenting feedback and advice that are designed to enable her to safely care for Ashlyn. The parental coaching and therapy sessions were discontinued because of the mother's failure to cooperate and engage. Despite the services made available to her, the mother made little or no progress toward alleviating jeopardy. At the time of the termination hearing, she was eight months pregnant with her third child and had no safe or realistic plan to care for Ashlyn.

[¶6] Ashlyn is healthy and happy in kinship foster care and has bonded with her foster parents. The foster parents are in the process of adopting her older sister, and the foster mother testified that they also hope to adopt Ashlyn. Both the Department and the guardian ad litem recommended termination of the mother's parental rights and a permanent plan of adoption.

[¶7] Contrary to the mother's contentions, there is sufficient evidence to support the court's findings, by clear and convincing evidence, of at least one ground of parental unfitness, and that termination of the mother's parental rights is in Ashlyn's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (b)(iv); *In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105. The court did not err or abuse its discretion in determining that termination of the mother's parental rights, freeing Ashlyn for the permanency of adoption, is in the child's best

interest. *See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297; *In re Jazmine L.*, 2004 ME 125, ¶¶ 14-16, 861 A.2d 1277. Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

---

Julie-Anne Blanchard, Esq., The Law Office of Julie-Anne Blanchard, LLC, Biddeford, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Portland District Court docket number PC-2015-66
FOR CLERK REFERENCE ONLY